UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-cv-00120-GNS-LLK

**ANNETTE DELANE HATCHER**                                                                                               **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                                        **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's complaint, or alternatively, for summary judgment, which the Court referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  [Doc. 10, 18].

On August 10, 2021, Plaintiff filed a complaint seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  [Doc. 1].  Section 405(g) and 20 C.F.R. § 422.10(c) contemplate a 60-day statute of limitations for filing such complaint, which begins when a plaintiff receives notice from the Appeals Council.  *Ashcraft v. Astrue*, No. 5:11-CV-00144-R, 2012 WL 1231789, at *1 (W.D. Ky. Apr. 12, 2012).  Among other things, Plaintiff's complaint states that:

> 8.  Plaintiff was denied Title II and/or Title XVI benefits by an Administrative Law Judge (ALJ) on February 26, 2018.
>
> 9.  Plaintiff appealed the ALJ denial to the Appeals Council.  The Appeals Council denied review of the ALJ decision on October 13, 2020.

[Doc. 1].

The Commissioner filed the present motion.  [Doc. 10].  Based on Plaintiff's representation that the Appeals Council denied review on October 13, 2020, the Commissioner determined that Plaintiff's complaint was filed outside the statute of limitations.

Rather than responding to the Commissioner's motion, Plaintiff filed a motion for permission to file an amended complaint [Doc. 11] and submitted a proposed amended complaint [Doc. 11-1], which was identical to the original complaint except that it states that:

1

8.  Plaintiff was denied Title II and/or Title XVI benefits by an Administrative Law Judge (ALJ) on October 13, 2020.

9.  Plaintiff appealed the ALJ denial to the Appeals Council. The Appeals Council denied review of the ALJ decision on April 15, 2021.

[Doc. 11-1].

The undersigned entered an Order denying Plaintiff's motion for permission to file an amended complaint [Doc. 11] as superfluous and ordered the Clerk to file Doc. 11-1 as Plaintiff's Amended Complaint. [Doc. 13]. Plaintiff's Amended complaint is now at Doc. 14.

The undersigned denied Plaintiff's motion [Doc. 11] as superfluous rather than granting it because Plaintiff filed the motion on November 10, 2021, after Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on November 8, 2021 [Doc. 10]. Fed. R. Civ. P. 15 provides, in pertinent part, that:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15.

## RECOMMENDATION

Therefore, the Magistrate Judge RECOMMENDS that the Court DENY the Commissioner's motion to dismiss [Doc. 10] without prejudice, subject to the Commissioner's ability to file a renewed motion to dismiss.

December 8, 2021

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

December 8, 2021

Lanny King, Magistrate Judge
United States District Court